**FILED**
**Feb 02, 2024**
**08:27 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Maria Martinez Archundia,** | ) | **Docket No. 2020-06-0533** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Sheraton Nashville,** | ) | **State File No. 93555-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **Federal Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

Maria Martinez Archundia suffered compensable right wrist and shoulder injuries while working for Sheraton Nashville. The central dispute at the January 23, 2024 compensation hearing was whether she injured additional body parts. The parties also contested permanent disability benefits. For the reasons below, the Court denies her claim for injuries to other body parts, accepts the ratings from the authorized treating physicians, and awards Ms. Archundia increased permanent partial disability benefits.

### Claim History

In December 2018, as Ms. Archundia exited an elevator on the way to begin her shift, she slipped and fell. She testified that she fell on her "entire right side."

Sheraton accepted the claim. Ms. Archundia was originally seen at an occupational medicine clinic, where she underwent physical therapy for many months, treating multiple body parts including her right foot and knee. She offered no records of this treatment.

Afterward Ms. Archundia received authorized care from orthopedist Dr. David West for her right wrist. She testified he was aware of her difficulty with walking and

1

sitting but only treated her hand. He performed surgery and later assigned a 1% impairment rating.[1] Neither party introduced his treatment records.

Ms. Archundia next treated for her right shoulder with Dr. Sean Kaminsky and told him about her foot and knee symptoms. Dr. Kaminsky's initial evaluation form confirms this, listing "foot purple, knee pain" among her problems. He additionally wrote, "She also relates that she has foot discomfort and knee pain. She states her feet turn purple[.]" Despite the notation, Dr. Kaminsky only treated her shoulder. Ms. Archundia testified that he did not examine or order diagnostic testing of her right foot and knee.

Dr. Kaminsky surgically repaired her torn rotator cuff in July 2022 and followed her progress afterward. A year later, after reviewing post-operative MRI results, he noted it revealed "no evidence of a rotator cuff tear, labral disruption, or other significant abnormality." Dr. Kaminsky further wrote, "her presentation demonstrates ill-defined symptoms and presentation that cannot be fully explain[ed] based on her MRI study." He placed her at maximum medical improvement and assigned a 4% impairment.

Sheraton deposed Dr. Kaminsky, who was skeptical about some of Ms. Archundia's continuing symptoms.[2] He said he found no objective or anatomic basis for her ongoing pain and no reason for her use of a cane. As for other alleged injuries, Sheraton's counsel referred to a July 2021 letter that asked if Ms. Archundia's work incident primarily caused her right foot, toes, and knee symptoms, considering all possible causes. He responded no for each body part, in the letter and at the deposition.

Ms. Archundia offered no expert medical proof to counter the authorized physicians' conclusions.

Ms. Archundia testified about her dissatisfaction with both authorized physicians. She believes that both doctors released her prematurely and testified, "[T]hey completely forgot about my knee. They completely forgot about my foot."

She argued that the Court similarly disregarded her pleas for help. The pleadings document that throughout more than three years of litigation, the parties frequently disagreed about which body parts were injured. Sheraton filed a petition for benefit determination in April 2020 listing solely the right wrist. The initial dispute certification notice likewise only mentions the wrist. Ms. Archundia requested evidentiary hearings

---

[1] Sheraton offered a C-30A Final Medical Report from Dr. West as proof of the rating. A C-30A is not admissible at a compensation hearing; only form C-32 is admissible under Tennessee Code Annotated Section 50-6-235 (2023). Regardless, Sheraton agreed to the rating, so documentary proof is unnecessary.

[2] Ms. Archundia did not attend the deposition and said she was unaware of it. However, Sheraton filed a notice of deposition, in both English and Spanish, with the Court Clerk before it took place. The certificate of service states that Sheraton sent her a copy by email and regular mail. Ex. 5.

twice, but by agreement neither hearing took place. At several status hearings, she mentioned that other body parts were symptomatic and/or not being treated. The Court suggested often that Ms. Archundia, who is self-represented, request a hearing and consult with an ombudsman or ombudsman attorney.[3]

Ms. Archundia testified the injury affected her life dramatically. Her right toes turned purple, she walks with a cane, and she has difficulty sleeping. Ms. Archundia said that Sheraton refused to accommodate her restrictions while she was treating. Although Dr. Kaminsky eventually lifted the restrictions, she believes she cannot return to work because she cannot lift heavy objects. She has not worked since the accident.

On cross-examination, Ms. Archundia said she has a "green card," and Sheraton offered no proof to contradict her immigration status.

### Findings of Fact and Conclusions of Law

Ms. Archundia has the burden of proof on each and every element of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2023).

*Compensability and medical benefits*

Ms. Archundia must prove that her claimed right foot, knee, and toe injuries arose primarily out of and in the course and scope of her employment. *Id.* at -102(12). This must be shown to a reasonable degree of medical certainty. *Id.* Additionally, medical evidence is generally required to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11 (May 18, 2017).

This is not an obvious, simple, and routine case, so medical evidence is required to show a causal relationship.

Ms. Archundia sincerely and credibly testified that after the work accident, she experienced symptoms in her right side, including her foot, toes, and knee. Importantly though, she offered no medical proof that these alleged injuries arose primarily from her employment. Dr. Kaminsky emphatically testified that they did not.

Ms. Archundia questioned how Dr. Kaminsky arrived at that conclusion, given that she told him about her symptoms—yet he never examined these body parts or ordered testing. The Court finds she did relay her foot and knee symptoms. The reason he declined to treat them is unknown. Her argument is compelling. Still, this Court cannot substitute its judgment for that of a medical doctor. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp.

---

[3] T.R. 1, 2, 4, 6, 8, 9, 10, 13, 15, 18, and 20.

App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) ("[J]udges are not well-suited to make independent medical determinations without expert medical testimony supporting such a determination.").

Ms. Archundia additionally argued she mentioned that other body parts were injured at many status hearings. The technical record confirms this.

But it also reveals that she was instructed several times about Bureau resources for self-represented persons and that the Court suggested that she request a hearing, which the rules require. *See* Tenn. Comp. R. & Regs. 0800-02-21-.15(1) (2023). Courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Darraj v. McKee Foods Corp.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 4, at *14-15 (Jan. 17, 2017).

Therefore, Ms. Archundia has not shown by a preponderance of the evidence that her alleged injuries to her toes, foot, and knee arose primarily from her employment. The Court holds she is not entitled to workers' compensation benefits for these body parts.

This leaves the accepted wrist and shoulder claims. Section 50-6-204 states that an employer must furnish medical treatment made reasonably necessary by the work accident. Sheraton must furnish any future work-related and reasonably necessary treatment with Drs. West and Kaminsky.

*Permanent partial disability and increased benefits*

Drs. West and Kaminsky assigned a 5% combined total permanent impairment. Ms. Archundia disagreed with their ratings but presented no contrary medical evidence. The Court finds she retained a 5% impairment. She is entitled to an original award of permanent partial disability of $7,585.43 (5% of 450 weeks, or 22.5 weeks, multiplied by the compensation rate of $337.13). *See Id.* at -207(3)(A).

An employee's original award shall be increased by 1.35 times if she did not return to work after the initial period of compensation. Tenn Code Ann. § 50-6-207(3)(B). Here, the parties agreed that Ms. Archundia did not return to work, so the Court finds increased benefits appropriate. Since she is over age forty, that award shall be multiplied by 1.2. *Id.* at -207(3)(B)(ii). Her resulting award is $12,228.40 ($7,585.43 times 1.35 times 1.2).

Sheraton argued that section 50-6-207(3)(F) prevents her from receiving increased benefits. That provision states that increased benefits "shall not apply to injuries sustained by an employee who is not eligible or authorized to work in the United States under federal immigration laws[.]"

Ms. Archundia testified without contradiction that she has a green card. The U.S.

4

Citizenship and Immigration Services website explains, "Having a Green Card (officially known as a Permanent Resident Card) allows you to live and work permanently in the United States." https://www.uscis.gov/green-card (last visited Feb. 1, 2024). The Court takes judicial notice under Tennessee Rule of Evidence 201 that a green card entitles a noncitizen to work legally in the United States. Since Ms. Archundia is allowed to live *and work* permanently in this country, the Court rejects this argument.

IT IS ORDERED AS FOLLOWS:

1. Ms. Archundia's claim for benefits for alleged injuries to her right foot and toes and right knee is denied.

2. Sheraton shall provide future reasonable, necessary, and related medical benefits for her right wrist and shoulder with Drs. West and Kaminsky.

3. Sheraton shall pay Ms. Archundia lump-sum permanent partial disability and increased benefits totaling $12,228.40.

4. Sheraton shall pay the $150.00 filing fee to the Court Clerk within five days of entry of this order. It shall also file an SD-2 within ten days of this order becoming final. Unless appealed, this order becomes final thirty days after entry.

**ENTERED February 2, 2024.**


*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical record:
1. Petition for Benefit Determination, filed by Employer, April 15, 2020
2. Dispute Certification Notice, August 18, 2020
3. Show Cause Order
4. Request for Expedited Hearing, October 19, 2020
5. Order Resetting Show-Cause Hearing
6. Order on Show-Cause Hearing
7. Order on Status Hearing, February 16, 2021
8. Order on Status Hearing, March 30, 2021
9. Request for Expedited Hearing, May 19, 2021
10. Order Continuing Expedited Hearing, March 13, 2023
11. Order on Status Hearing, August 2, 2021
12. Order on Status Hearing, December 20, 2021
13. Order on Status Hearing, April 26, 2022
14. Order on Status Hearing, August 30, 2022
15. Order on Status Hearing, October 18, 2022
16. Order on Status Hearing, February 14, 2023
17. Order on Status Hearing, April 4, 2023
18. Status Hearing Order Setting Mediation
19. Email/Notice of Stipulation, October 30, 2023
20. Status Hearing Order Setting Compensation Hearing
21. Dispute Certification Notice and additional issues, November 2, 2023
22. Employer's Brief
23. Pretrial Statement

Evidence:
1. Wage statement
2. Deposition excepts, Dr. Kaminsky
3. Employer's submission of medical records-Dr. Kaminsky treatment notes, causation letter
4. Dr. Kaminsky's Deposition
5. Notice of Deposition

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 2, 2024.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|----------------|--------------|-------|---------|
| Maria Martinez Archundia, self-represented employee | | X | X | rorra_05@hotmail.com<br>3733 Seasons Drive<br>Antioch, TN 37013 |
| Brent Wilkins, Fred Baker, Employer's attorneys | | | X | bwilkins@wimberlylawson.com<br>fbaker@wimberlylawson.com<br>bcopeland@wimberlylawson.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____    ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*